Jing Ding JIANG, Petitioner,

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

Docket No. 03–4538, 04–3120.

United States Court of Appeals, Second Circuit.

July 21, 2005.

Gang Zhou, New York, NY, for Petitioner.

Paul B. Taylor, Assistant United States Attorney, Gretchen C.F. Shappert, United States Attorney, Western District of North Carolina, Asheville, NC, for Respondent.

PRESENT: JACOBS, POOLER, Circuit Judges, and HURD,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petitions for review be DENIED.

Jing Ding Jiang petitions for review of [i] the February 24, 2003 order of the Board of Immigration Appeals ("BIA") denying his motion to reopen or reconsider his previously rejected asylum claim ("first motion"), and [ii] the May 20, 2004 order of the BIA denying his motion to reconsider that previous motion ("second motion"). We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues. We review for abuse of discretion the BIA's decisions on motions to reconsider or reopen. *Kouzham v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004); *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000).

■ Jiang argues that the BIA erred in denying his first motion by failing adequately to recognize the prejudice he suffered due to his representation by a non-attorney agency. The text of the BIA's thorough decision shows otherwise. The BIA directly considered and rejected Jiang's arguments that "his right to appeal was 'severely prejudiced' because his appeal was prepared and filed by an unqualified 'travel agency'." The BIA found that the arguments presented by Jiang's direct appeal were substantially the same as those presented by his first motion, ruled that Jiang therefore had suffered no prejudice, and concluded that Jiang's challenges to the credibility finding of the IJ on the grounds that his application was prepared by a non-attorney were without merit. Denial of Jiang's first motion was no abuse of the BIA's discretion. *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

■ Jiang then filed his second motion, which was a motion to reconsider the first. Jiang referred to his first motion as a motion *to reopen.* The BIA denied Jiang's second motion on the grounds that it was a second motion *to reconsider*, which is impermissible under 8 C.F.R. § 1003.2(b)(2). Denial of Jiang's second motion on the ground that he had already filed a motion to reconsider is supported by the record. Jiang's first motion was filed and titled as a "Motion to Reconsider"; had it been a motion to reconsider, it would have automatically been rejected (as the BIA observed). That the BIA gave Jiang the benefit of the doubt by considering his first motion *also* as a motion to reopen (rather than simply denying it peremptorily as a motion to reconsider) does not afford a second opportunity to file essentially the same motion, in contravention of BIA regulations. Moreover, the BIA's opinion on the first motion concluded: "[t]he motion to reopen and reconsider is denied."

In any event, Jiang's second motion presents essentially the same meritless arguments as his first. *See Waldron v. INS*, 17 F.3d 511, 518 (2d Cir.1993) (holding no remand required where no fundamental rights are implicated). Jiang argues also that he had ineffective assistance of counsel by the counsel in his hearing before the IJ, the non-attorney agency that prepared his initial asylum application and filed his direct appeal, and the attorney who filed his first motion. Jiang argues that he was prejudiced because his claim

---

* The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

of a sterilization threat was not mentioned in his original asylum application (though the application did describe family planning persecution suffered by his wife). Jiang also argues that inadequate preparation for the hearing resulted in the IJ finding that the testimony was inconsistent and therefore not credible. Jiang argues too that the counsel who filed Jiang's first motion was inadequate because he failed to raise the inadequacy of Jiang's prior representation.

■ To show ineffective assistance, Jiang must establish that the "fundamental fairness" of the proceedings was compromised because 1) competent counsel would have acted differently and 2) Jiang was prejudiced by his counsel's performance. *Iavorski*, 232 F.3d at 128–29. The omission of the threats against Jiang himself from his asylum application was only one of numerous and sufficient grounds on which the IJ relied in finding Jiang not credible; Jiang thus fails to establish prejudice on this ground. *See Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988).

■ Jiang's assertion that he was insufficiently prepared by counsel is, first, belied by the record: the IJ found that Jiang's inconsistencies were "the result of the rendering of the respondent's testimony by pre-rehearsed rote." Second, Jiang offers no argument on this appeal as to how his preparation (rather than his testimony) was inadequate, or how competent counsel would have prepared him differently. He thus fails to establish the inadequacy of his initial representation. *See Iavorski*, 232 F.3d at 128.

As Jiang's representation before the IJ was adequate, Jiang could not have been prejudiced by the failure of his counsel on his first motion to adequately raise the issue; moreover, as discussed above, the BIA treated the first motion as one based on inadequate assistance, and (correctly) found none.

The BIA therefore did not abuse its discretion in denying Jiang's second motion.

We have considered all of Jiang's claims and find them to be without merit. For the reasons set forth above, Jiang's petitions for review are hereby **DENIED.**